## VETTERLEIN v. BARNES.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

Argued December 8, 1887. — Decided January 9, 1888.

In a suit by a stranger against a trustee, to defeat the trust altogether, the *cestui que trust* is not a necessary party, if the powers or duties of the trustee with respect to the execution of the trust are such that those for whom he holds will be bound by what is done against him as well as by what is done by him.

In a suit in equity by an assignee in bankruptcy to set aside a fraudulent transfer of the bankrupt's assets, this court agrees with the court below

that the evidence shows that the transferee had no valuable pecuniary interest in the transferred property, and that the transfer was made to prevent it from coming into the hands of the assignee in bankruptcy.

BILL IN EQUITY. The case as stated by the court was as follows : —

In and prior to the year 1867, the firm of Vetterlein & Co. — composed of Theodore H. Vetterlein, Bernhard T. Vetterlein, Theodore J. Vetterlein, and Charles A. Meurer, and doing business in Philadelphia — assisted one J. Kinsey Taylor by lending him money and acceptances. In the summer of that year, for the security of the firm, Taylor caused his life to be insured, the policies taken out by him being assigned to Theodore H. Vetterlein as security for Taylor's liability to the firm. In July, 1869, Meurer retired from the firm, Taylor's indebtedness to it being, at that time, nearly $50,000. In December, 1869, Theodore J. Vetterlein also left the firm. The remaining partners went on with the business, at the same place, under the same name, and with the same stock of merchandise, taken at valuation.

On or about the 18th of July, 1870, the policies — which, under some arrangement, had been reduced in amount — were assigned by Theodore H. Vetterlein to Bernhard T. Vetterlein and Theodore J. Vetterlein, as trustees for the wife and children of the assignor.

In the District Court of the United States for the Southern District of New York, sitting in bankruptcy, Theodore H. Vetterlein and Bernhard T. Vetterlein were adjudged bankrupts. The adjudication was made February 7, 1871, upon a petition of certain creditors of the bankrupts, filed December 28, 1870.

Taylor died July 1, 1871. Due proof of his death was made by B. T. Vetterlein and T. J. Vetterlein, and they were proceeding to collect the insurance moneys, when the present suit was brought in the District Court, August 10, 1871, by Barnes, assignee in bankruptcy of Theodore H. Vetterlein and Bernhard T. Vetterlein, against the bankrupts, Theodore J. Vetterlein, and the insurance companies. The principal object of the suit was to enjoin B. T. and T. J. Vetterlein from collecting

the amounts due on the policies. Barnes contended that, as assignee in bankruptcy, he was entitled to receive these insurance moneys, which are less in amount than Taylor's indebtedness to the bankrupts. His claim was sustained by the District Court, and, upon appeal to the Circuit Court, the decree of the former court was affirmed.

*Mr. Calderon Carlisle* and *Mr. T. Mitchell Tyng* for appellants. *Mr. John D. McPherson* was with them on their brief.

*Mr. Harrington Putnam* for appellee. *Mr. James K. Hill* and *Mr. Henry T. Wing* were with him on his brief.

Mr. JUSTICE HARLAN, after stating the case, delivered the opinion of the court.

1. The District Court correctly held, upon the evidence, that at the time of the transfer by Theodore H. Vetterlein of the policies in question for the benefit of his wife and children, neither Meurer nor Theodore J. Vetterlein had any valuable pecuniary interest in the assets of the former firms, and that the firm of Vetterlein & Co., composed of Theodore H. Vetterlein and Bernhard T. Vetterlein, held the entire beneficial interest in the policies taken out to secure Taylor's debts. That interest passed to their assignee in bankruptcy.

2. Such transfer — which was within six months before the filing of the petition in bankruptcy — was made in contemplation of the insolvency of Theodore H. Vetterlein and Bernhard J. Vetterlein; and according to the weight of evidence the transferees, at that time, not only had reasonable cause to believe that Theodore H. Vetterlein was acting in contemplation of insolvency, but that such transfer was made with a view to prevent the moneys due on the policies from coming into the hands of an assignee in bankruptcy.

3. It is contended that the wife, and children of Theodore H. Vetterlein were indispensable parties, and that it was error to proceed to a final decree without having them made defendants. The general rule undoubtedly is that all persons materially interested in the result of a suit ought to be made parties,

so that the court may "finally determine the entire contro-
versy, and do complete justice by adjudging all the rights
involved in it." *Story* v. *Livingston*, 13 Pet. 359, 375; *Shields*
v. *Barrow*, 17 How. 130, 139. But in a suit brought against
a trustee by a stranger, for the purpose of defeating the trust
altogether, the beneficiaries are not necessary parties, if the
trustee has such powers or is under such obligations, with
respect to the execution of the trust, that "those for whom he
holds will be bound by what is done against him, as well as by
what is done by him." In such cases of representation by
trustees, the beneficiaries will be bound by the judgment,
"unless it is impeached for fraud or collusion between him and
the adverse party." *Kerrison* v. *Stewart*, 93 U. S. 155, 160.

In *Sears* v. *Hardy*, 120 Mass. 524, 529, the court, after observ-
ing that who shall be made parties to a suit in equity cannot
always be determined by definite rules, but rests to some
degree in the discretion of the court, said: "Generally speak-
ing, however, to a suit against trustees to enforce the execu-
tion of a trust, *cestuis que trust*, claiming present interests
directly opposed to those of the plaintiff, should be made
parties, in order that they may have the opportunity them-
selves to defend their rights, and not be obliged to rely upon
the defence made by the trustees, or to resort to a subsequent
suit against the trustees or the plaintiff, or to take the risk of
being bound by a decree rendered in their absence." But the
rule is different where the claim of the plaintiff antedates the
creation of the trust, and the suit is brought, not in recognition
or furtherance of the trust, but in hostility to it, as fraudulent
and void. In *Rogers* v. *Rogers*, 3 Paige, 379 — which was a
suit by a judgment creditor to set aside as fraudulent an
assignment by the debtor of his personal estate in trust for the
payment of a debt to a particular bank, and to pay the
residue of the proceeds thereof to other creditors of the
assignor — it was objected, at the hearing, that the bank was
not made a party defendant. The objection was held to be
untenable, the chancellor observing: "As a general rule, the
*cestuis que trust*, as well as the trustee, must be parties,
especially where the object is to enforce a claim consistent

with the validity of the trust. But where the complainant claims in opposition to the assignment or deed of trust, and seeks to set aside the same on the ground that it is fraudulent and void, he is at liberty to proceed against the fraudulent assignee or trustee, who is the holder of the legal estate in the property, without joining the *cestui que trust.*" *Wakeman* v. *Grover,* 4 Paige, 23 ; *Irwin* v. *Keen,* 3 Wharton, 347, 354, 355 ; *Therasson* v. *Hickok,* 37 Vt. 454 ; *Hunt* v. *Weiner,* 39 Ark. 70, 76 ; *Winslow* v. *Minnesota & Pacific Railroad Co.,* 4 Minn. 313, 316 ; *Tucker* v. *Zimmerman,* 61 Geo. 601.

The assignment of the policies in question in trust for the wife and children of the assignor — the trust having been accepted — carried with it, by necessary implication, authority in the trustees, by suit or otherwise, to collect the insurance moneys for the beneficiaries. Indeed, they could not otherwise have fully discharged the obligations they assumed as trustees. They were entitled to represent the beneficiaries in their claim for the insurance money, and were under a duty to defend any suit, the object of which was to prevent the discharge of that duty, and set aside the transfer of the policies as fraudulent and void. It results that the wife and children of Theodore H. Vetterlein. were not necessary parties defendant.

We perceive no error in the record, and the decree is

*Affirmed.*