CHARLES G. STEVENS *et al.*, Trustees, etc., Respondents, *v.* JOHN L. MELCHER *et al.*, Executors, and MARIETTA R. STEVENS, Executrix, etc., *et al.*, Appellants.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Parties. Necessary.*—All persons, whose interests are to be injuriously affected by the litigators, must be made parties to the action before a determination in it can be made.

2. *Same. Death of party.*—Where, on the decease of a party to an action his interest passes to other parties therein, the action may proceed without further pleadings or statement of the additional interests thus acquired. A mere suggestion upon the record will show that they succeed to his interest. Such a contingency is provided for by section 758 of the Code.

3. *Same.* A person is not a necessary party to an action, where his claim or interest will not be prejudiced, injured or postponed by the determination of the action.

4. *Stay of proceedings.*—A stay, which is not necessary for any purpose of the action, will be denied.

Appeal from an order denying a motion for a stay of proceedings.

*Hoadley, Lauterbach & Johnson (George Hoadley* and *Delano C. Calvin,* of counsel), for appellants.

*Burrill, Zabriskie & Burrill (John E. Burrill,* of counsel), for respondents.

DANIELS, J.—The plaintiffs are trustees under the will of Paran Stevens, deceased, for the benefit of Marietta R. Stevens, the appellant. To them for that object, the testator by the fifth paragraph of his will, gave and devised the sum of $1,000,000, including as part of it at its fair value, at the period of his decease a store known as No. 1 State street block on State street, in the city of Boston to hold, invest

and manage the same as a trust fund and estate, for the benefit of his wife, who is the appellant during her natural life, and to collect the income and receipts therefrom and pay the same over to her. After the decease of the testator property was conveyed to the plaintiffs as trustees, by his executors, and appropriated to the support of this trust. And expenditures were made by them on account of such property. The appellant also in her capacity of executrix of the estate, received and used for her own benefit sums of money coming into her hands in that capacity. And a dispute existed as to the amounts expended and received in this manner for which the plaintiffs should be chargeable as her trustees in the administration of this trust. A leading if not controlling object was to obtain an accounting and settlement of the amount which in property and money had been appropriated to and expended about this trust. And this action was brought in the year 1879 to take that accounting, and secure a determination establishing the remaining amount necessary to fulfil the purposes of this trust. Issue was joined in the action chiefly by the answer of the appellant, and it was afterwards referred to a referee before whom the trial has been progressing. After evidence had been taken concerning the rights and obligations of the appellant, the referee made certain decisions which were believed to conform to and be required by the evidence.

But they were not made as finally and certainly declaring and defining these rights and obligations, but were left subject to be modified, or changed, as the future proceedings in the action, mainly involving the accounting, should indicate to be equitable, or necessary. The decisions made, therefore, by the referee in no manner stand in the way of the consideration of this application upon its merits. It was in form first made before the referee himself, the position being taken on behalf of the appellant that the action could not be certainly, or finally, decided without bringing in additional persons as parties interested in the disposition of the con-

troversy. The referee denied the application, but so far qualified his decision as not to permit it to stand in the way of the motion made at the special term.

That motion was afterwards made, and the court, considering that the action was not defective for want of additional parties, denied the application for the stay. And the determination of this appeal depends upon the point whether the court was correct in taking this view of the situation of the litigation.

The testator, at the time of his decease, left the appellant, his widow, and one son, and two daughters, surviving him. After providing by his will for the payment to the appellant of a legacy of $100,000, which seems to have been paid, and for the creation and administration of this trust, and disposing of other property, and providing for the payment of other legacies he directed the remainder of his estate to be divided into three equal parts. And in each of these one-third parts, a trust was created for one of his children. For the daughters the trusts were required to continue during the period of their respective lives. At the decease of his eldest daughter Ellen, and in case she shall leave her husband surviving her, then one-third of the proceeds of the trust are to be paid over to him for the term of his natural life, and the other two-thirds of the trust estate are directed to be paid over to the children of that daughter, and the remaining third also to them on the decease of her husband.

And should there be no descendants of the daughter living, then the principal of the trust estate was, subject to certain contingent directions, directed to be disposed of as the capital of the million dollar trust for the benefit of the appellant was to be disposed of and distributed upon her decease. And as to that, the direction of the testator was that the principal of the fund and estate should be divided among his children in equal proportions, the issue of any child to take the share their parent would have taken if liv-

ing. And in case at the decease of his widow there should be no descendants of himself living, then the fund and estate was directed to be divided into three parts, one to be delivered to Charles G. Stevens, one of the plaintiffs, and Sarah I. Pease, another third to Sarah M. Stimpson, Catherine C. Hubbard and Samuel P. Fiske, in equal parts, and the remaining third to Miranda Fiske, the sister of the testator if she should be living, and if not, then to his wife's sisters, Carrie Richardson, Fanny Read, Harriet Read and Annie Richardson, in equal parts, At the decease of his second daughter, the executors were directed to pay and convey the principal of her third to and among her children, in equal portions, the issue of any deceased child to take the share its parents would take if living. And in case this daughter should not leave any descendants surviving her, then the executors were to pay and convey this third to his daughter Ellen and his son equally, or in case they or either of them should be deceased leaving descendants, their descendants to take the share their parents would have taken if living. And if either should then be deceased leaving no descendants surviving, the other, or in case he or she should also be deceased, his or her descendants should receive the whole of the principal sum of the fund. And if there should be no descendants of the testator living, one-half of this third was directed to be paid and conveyed to his wife, the appellant, if she would be living, and the other half, or if she should be deceased, then the whole of the third, to the same persons and in the same proportion as had previously been directed in case of the trust fund created for the benefit of his widow after her decease.

The other third of the estate was devised in trust for the benefit of his son, Henry Leiden Stevens. The rents, income and profits of this third were to be applied, so far as should be necessary, for the support of the son until he attained the age of twenty-one years. And between that time and the attainment of the age of twenty-five years by

the son, the executors were directed to pay over to him all the income of this share of the estate. When he attained the age of twenty-five years, they were further directed to pay over to the son the whole of the principal sum and the accumulations thereof, except $400,000, which they should continue to manage and invest as a trust fund for the benefit of the son during his natural life, subject, however, to the proviso that in case the principal of this third should be less than $400,000, then they should pay him $100,000 when he became twenty-five years of age, and keep the balance invested as previously directed. Upon his decease, this fund to be invested during life was directed to be paid to the children of this son, the descendants of any child to take the share their parents would have taken, if living. And, in case the son should leave no descendants, then the trustees were to pay and convey over the principal of the trust to the testator's two daughters equally, or in case they or either of them should previously be deceased, leaving descendants, the descendants should take the share their parents would have taken if living. And if either should die, leaving no descendants surviving, the other, or in case she should also be deceased, leaving descendants, such descendants should receive the whole of this trust fund. And a similar direction was given as to this interest in case no descendants of his should be living at the time of the decease of the son, as was in that event given for the disposition of his widow's trust estate after her decease.

The eldest of the testator's daughters intermarried with the defendant John L. Melcher, and they are stated to have had one son, John Stevens Melcher, who, however, for some unexplained reason, was not named as a contemplated party in the application made for the stay. The other daughter intermarried with Arthur Henry Fitzroy Paget, and as the result of this intermarriage they have four infant children. Neither the son of the oldest daughter, nor either of these children, was made a party to this ac-

tion. And it has been objected on the part of the appellant that they are necessary parties, without whose presence in the action, a final disposition of the controversy, especially that relating to the amount still unappropriated for the creation of the trust for her benefit, cannot be made. A like objection has also been taken on account of the omission to make as parties to the action the other persons named in the will of the testator to whom his estate may ultimately be distributed in case of the decease of all his children and their children without leaving descendants.

It has been made to appear that the personal estate of the testator, except that invested in the business of hotels, which is not to be appropriated to supply the residue of the trust fund, has been already exhausted in the payment of debts and legacies. And that the residue of the trust fund must be derived from the sale of real estate or the appropriation of it directly to the object of this trust. And that the capital of the trust itself is a charge upon the real estate has already been determined in an action brought for that purpose, and finally decided by this court. But the amount to be realized from the sale of real estate to supply the balance of the capital of the trust, or by the appropriation of real estate, itself, has in no manner been ascertained or determined. That is still an open subject of controversy in this action. And it is to be here tried and determined before any appropriation of other property of the testator, or of its proceeds can be made for the establishment and administration of the trust, in favor of the appellant. Whatever the balance upon the accounting shall be found to be, which it will be necessary to raise for this object, is a subject, if not the controlling subject, in this action. And when that has been ascertained, the residue of the testator's estate, so far as it may be required for that object, must be sold, or appointed to provide for it.

And in that manner these respective thirds, into which the residuary estate has been divided, in trust for his

children, must be affected, and correspondingly diminished. And the result will be that the property of the testator's children, devoted to their respective trusts, must be affected by the final decision to be made in this action. And the owners of property, who are to be in this manner affected by a legal determination, are necessary parties to the action in which it is proposed to be made, before such a determination can regularly be reached.

The property to which they would otherwise be entitled, is necessarily to be resorted to for the purpose of raising the fund for creating the capital of the trust. And they are, consequently, interested in contesting the amount asserted to exist in favor of the beneficiary under the trust to be capitalized through the result of the litigation. Persons who are so interested are not only entitled to be heard upon the amount which is to be charged against that property, but the charge cannot be regularly made until they shall have an opportunity to protect their own interests. The case in this respect appears to be within the language of section 452 of the Code of Civil Procedure, which has required the court to direct other persons to be brought into the action, without whose presence a complete determination of the controversy included in it cannot be made. This section, by this language, has embodied no more than the preceding rule observed and enforced by courts of equity. And under this rule it has uniformly been held that persons whose interests are to be injuriously affected by the litigation must be made parties to the action before a determination in it can be secured.

In the case of Holland *v.* Baker (3 Hare, 68), it was held that persons interested in property, as creditors, subject to an outstanding trust, should be brought before the court, before their interests could be impaired or declared by the result of the litigation. And the rule requiring interested persons to be made parties was defined and followed in Vetterlein *v.* Barnes (124 U. S. 169). And the principle,

as it was declared in Sears *v.* Hardy (120 Mass. 524), was approved by the court.

The principle was then stated to be that, " to a suit against trustees to enforce the execution of a trust, *cestuis que trust,* claiming present interests, directly opposed to those of the plaintiff, should be made parties, in order that they may have the opportunity themselves to defend their rights and not be obliged to rely upon the defense made by the trustees, or to resort to a subsequent suit against the trustees or the plaintiff, or to take the risk of being bound by a decree rendered in their absence." Id. 172. And this is the extent of the principle which has been applied to the adjustment of controversies of this particular nature.

But it does not proceed so far as to require in this action that these children of the testator's daughter shall be brought into it as parties, for they have not been vested with present interests, and will not, in any event, be injuriously affected by the determination of the suit. The persons who are to be so affected are the trustees, and the beneficiaries in the trusts created for the benefit of the children of the testator. If the balance still remaining unappropriated to this trust for the benefit of the widow shall be larger, it will absorb only so much more of each of these thirds in trust in the remainder of the estate. If it shall be smaller, then correspondingly less. In no event will any other persons than these individuals be injuriously affected. For whatever may be the amount still remaining to be appropriated to the trust for the benefit of the widow, it will ultimately, after that trust shall be executed and ended, pass to these children of the testator's children who shall be living at the time of the decease of the persons beneficially interested in the trusts. By the appropriation of the property to the trust, they will be deprived of no substantial right or interest. For in the event of their succeeding under the will to this property after the trusts shall be exhausted, the property will be wholly returned to them.

They accordingly cannot in any respect be injured by the result of this controversy relative to the settlement and ascertainment of the balance still misappropriated to the creation of the trust in favor of the widow.

And as no injury can in any event come to them through the determination of this action, and they are vested with no present interests which can be affected or changed, they are not, either under the provisions of the Code, or of this rule in equity, necessary parties for the determination of this action. And the same is equally the case as to the persons contingently and finally entitled in remainder to this estate, in case of a failure of the immediate issue of the testator's children.

The testator's son was born on the 21st of October, 1858, and died on the 10th of July, 1885, after his attainment of the age of twenty-five years. He was unmarried and died without issue. And according to the will of the testator, his interest in the principal of the trust fund appropriated for his benefit, vested in equal shares in the testator's two daughters. And in support of the application for the stay it was further objected that, as these daughters were not stated in the action to have taken these interests, the action was defective, and could not regularly proceed to the accounting until that statement should be made in the pleadings. But this objection is more specious than real, for each of these daughters in her own right is a defendant in the action. And a mere suggestion upon the record of the decease of the testator's son without issue will exhibit the fact that the daughters have succeeded to his interest. And the same defense which will protect the interests of the daughters in the estate previously secured to them by the will of the testator, will also equally enure to the protection of these subsequently acquired interests. And when that is the result of the decease of a party, the action may be allowed to proceed without further pleadings, or statements of the additional interests in this manner acquired. This

has been provided for by section 758 of the Code of Civil Procedure, declaring that, " In case of the death of one of two or more plaintiffs, or one of two or more defendants, if the entire cause of action survives to or against the others, the action may proceed in favor of, or against the survivors."

And that appears to be sufficiently broad to include this part of the action. And Livermore *v.* Bainbridge (49 N. Y. 125) is, so far as this subject was there discussed, an authority sustaining this conclusion. There is, accordingly, no necessity for any amendment of the pleadings in the action presenting the fact that the two daughters have in this manner acquired the capital of the trust estate appropriated for the benefit of the testator's son.

A certain amount is claimed to have been left by the son as his own property to be disposed of under the directions contained in his will, and for that disposition Arthur Leary was appointed and is acting as his executor. But this executor is shown to have made no claim adverse to any of the rights of the widow so far as they are included in this action. Neither could he do so, for the amount to which he may be entitled will in no manner be diminished or affected by the disposition of this action. Whatever that amount may be, it is a distinct and independent demand against the executors of the estate, liable in no way to be prejudiced, injured or postponed by the decision of this action. And he for that reason is not required to be made, as executor, a party to it.

It further appeared that the testator's second daughter, before her marriage with Arthur H. F. Paget, joined with him in a marriage settlement of her estate and property, and trustees were selected for its management and control. Four persons were named as such trustees, but two of them only accepted the trust and entered upon the discharge of their duties under the settlement. These trustees were the testator's son, Henry Leiden Stevens and Alfred Henry

Paget. The latter was the surviving trustee, and he died in the month of August, 1888. The marriage settlement secured the right to the other parties to it to appoint a successor to these deceased trustees. But they had not made that appointment up to the time of the application for the stay of proceedings. There was accordingly no person who could be brought in and substituted as a party to this action in the place of these deceased trustees, under the marriage settlement. And that is now necessarily represented by Mr. and Mrs. Paget, the beneficiaries under the marriage settlement, who are parties to the action.

The estate may be considered to have been unfortunate in being made the object of so much litigation, when one action, comprehensive as it could well have been made in its character, would have settled the construction of the will, and these conflicting disputes, as to the residue still unappropriated to the trust for the widow, and then provided for raising the fund, or appropriating the property necessary for its complete establishment. That, however, was not the course which has been taken, but different actions have been brought, one of which has already been determined, and this, together, with another, are still pending for the completion of the dispute between these parties. But after the present suit shall be definitely completed and the amount ascertained still required to be added to the capital of the trust for the benefit of the widow, but little more than a formal proceeding will remain necessary to sell the property, or make a specific appropriation of such part of it as shall be required, to consummate this trust. And as the case has proceeded so far and so long without objection to the incompleteness of its scope, and a substantial right of action is involved in it, no embarrassment should be interposed in the way of its progress to the earliest practicable determination. . A stay under the circumstances has not become necessary to promote the just settlement of the remaining part of the controversy be-

tween the parties; neither is it necessary to complete that adjustment to bring in any other, or additional parties before the court. There are no interests to be impaired, which are not fully represented by the executors, who are defendants, the trustees in the several trusts created by the will, who are also parties, the beneficiaries in each of those trusts, and the two daughters who have succeeded to the capital of the trust estate provided for their deceased brother. They are all parties to the action. And the appellant herself has acquiesced too long in the present form of the litigation now to object that the action has in any respect been deficient for want of additional parties.

The order from which the appeal has been brought, should be affirmed, with ten dollars costs and the disbursements.