## VETTERLEIN *et al. v.* BARKER.

### (*Circuit Court, S. D. New York.* March 21, 1891.)

**1. VACATING DECREE—EVIDENCE—RES ADJUDICATA.**

A bill of review to annul a decree cannot be maintained on the ground that a decree in a collateral suit between the parties, which was introduced as *res adjudicata* upon some of the issues in the cause, has, since the decree, been set aside by the court which rendered it, where it appears that the collateral decree was void for want of jurisdiction of the court, and was vacated for that reason. The vacating of the decree did not detract from its original inoperativeness as *res adjudicata*, and therefore is not new matter arising since the decree now sought to be annulled, within the rules that apply to bills of review.

**2. SAME—NEGLECT OF TRUSTEE.**

A bill to annul a decree for fraud cannot be maintained upon the theory that the defendants, who were trustees, were derelict in their duty to their *cestuis que trustent* in not availing themselves of defenses which they might have presented, where it does not appear that the complainant in the suit was cognizant of any misconduct on the part of the trustees, and where they were the proper parties to represent the beneficiaries and litigate the cause for them. Under such circumstances the adverse party cannot be deprived of the benefit of the adjudication which he has obtained.

In Equity.

*Roger M. Sherman,* for plaintiffs.

*John Proctor Clarke,* for defendant.

WALLACE, J. This is a bill to reverse and set aside a decree of this court, (16 Fed. Rep. 759,) in affirmance of a decree of the district court (Id. 218) adjudging that certain insurance policies, the property of the bankrupt firm composed of Theodore H. Vetterlein and Bernhard E. Vetterlein, and assigned to trustees for the benefit of the wife and children of Theodore H. Vetterlein, were so assigned in fraud of the rights of the assignee in bankruptcy of the Vetterleins. The present complainants are the wife and children of Theodore H. Vetterlein, the beneficiaries named in the assignment of the policies. The defendants are the assignors in bankruptcy, who are the successors of the complainant in the former suit, and the defendants in that suit. The bill proceeds upon three grounds: (1) That a decree in a collateral suit between the parties to the original suit, which was put in evidence as *res adjudicata* upon the issue of fraud, has since been annulled by the court which rendered it as void for want of jurisdiction; (2) that the use of the collateral decree as evidence in the original suit was in fraud of an agreement made between the parties to that suit; and (3) that the defendants in the original suit, who were trustees for the present complainants, violated their duty to their *cestuis que trustent* by omitting to avail themselves of defenses which existed, and setting up defenses in hostility to their trust,—of all which the complainant in the original suit was aware at the time. The bill has been discussed by counsel as though it were a bill of review. So far as it proceeds upon the theory that the vacating of the collateral decree is new matter, which has arisen since the original decree, it would state facts appropriate for such a bill, if it did not appear that the collateral decree was void for want of jurisdiction of

the court,—a fact which is not new matter, which presumably was known when the decree was offered in evidence, and which, if it had been urged at the time, would have destroyed the effect of the decree as evidence. So far as the bill proceeds upon the theory that the former defendants, trustees of the present complainants, were derelict in their duty in the conduct of the suit, to the knowledge of the former complainant, it is essentially one to impeach a decree for fraud, and not a bill of review. As the bill has not been demurred to the cause will be disposed of on the proofs as though the averments, if established by the proofs, would entitle the complainant to relief in any aspect of the facts.

The bill cannot be maintained on the first two grounds, because the proofs do not show that the reception of the collateral decree in evidence had any material influence upon the result. The record of the proofs in the original suit has not been introduced, consequently it cannot be ascertained upon what evidence the court decreed. It would seem, however, from the opinion of the judge that there was evidence, irrespective of the collateral decree, to establish all the material facts in controversy upon which the decree proceeded, and that the collateral decree was not regarded at all in reaching the decision.

The bill cannot be maintained upon the third ground, because, irrespective of other considerations, it does not appear that the complainant in the original suit was cognizant of any misconduct of the trustees in the defense of the suit. He made the trustees adverse parties, because they were the proper persons to represent the beneficiaries. He is entitled to the benefit of the adjudication he has obtained by his diligence, and cannot be deprived of it because those who were duly authorized to represent the beneficiaries were negligent or faithless. If the trustees were derelict, the *cestuis que trustent* must look to them for their remedy. It appears, however, that the trustees insisted that the beneficiaries were necessary parties to the suit, and that they should be brought in. This contention was overruled, and the supreme court held that it was properly overruled. *Vetterlein* v. *Barnes*, 124 U. S. 169, 8 Sup. Ct. Rep. 441. The circumstance that the trustees endeavored to have the beneficiaries brought in as parties is quite cogent to show that they intended to protect the rights of the beneficiaries. From all that now appears, there is little room to doubt that the trustees defended the suit to the best of their ability.

The bill is dismissed, with costs.