TOMPKINS v. TOMPKINS et al.

(Circuit Court, S. D. New York. April 24, 1903.)

1. PARTIES—SUIT BY TRUSTEE TO ENFORCE TRUST.

A trustee to whom an interest in a legacy was assigned to secure the payment of certain judgments against the legatee may maintain a suit to set aside conflicting assignments, and to establish the priority of his own, without joining his cestui que trust.

2. SAME—SUIT TO ESTABLISH ASSIGNMENT OF LEGACY.

To a suit by the assignee of a legacy against the executor and the holders of conflicting assignments to set aside the latter and establish the priority of complainant's assignment, the legal representatives of the testator are not necessary parties defendant.

In Equity. On demurrer to bill.

George A. Wyre, for plaintiff.
A. Bell Malcomson, for demurrants.

HAZEL, District Judge. This suit, originally brought in the Supreme Court of the state of New York, and removed to this court on account of diversity of citizenship, is in behalf of the complainant, individually and also his cestui que trust, to have certain conflicting assignments of parts of a legacy to the defendants Malcomson, Louisa and Thomas P. Edwards, Clark, and Morehead, set aside as fraudulent and void. Upon the filing of the record in this court, the defendant Malcomson interposed a demurrer to the bill of complaint on the ground that there is a defect of parties. The other defendants have filed separate answers. The bill avers that one John D. Brumley, Jr., on June 4, 1896, was entitled to receive under his grandfather's will a legacy amounting to $20,000. By a written instrument delivered to the executors, he extended its payment five years. Subsequently various judgments were recovered against him, and, in consideration of their suspension until the legacy became payable, he assigned to complainant, individually and as trustee for judgment creditors in the assignment named, an interest in the unpaid legacy sufficient to pay all claims set forth in the assignment. It is expressly stated that the assignment is made for the purpose of securing and paying the several judgments therein referred to. The bill sets forth that afterwards other assignments of parts of the legacy were made by Brumley to the demurrant and various other defendants. The prayer of the bill is that the validity and priority of the various assignments

be determined. It is contended for the demurrant (1) that the various persons in whose behalf judgments were recovered, and for whose benefit the complainant is trustee, are necessary parties; (2) that the legal representatives of the testator are proper parties defendant. These contentions are without merit. The complainant is expressly charged in the assignment with the duty of collecting the lien upon the legacy which is created by the assignment. This is a cause in equity, and it rests in the sound discretion of the court as to whether those for whom the trust was created should be made parties to the suit. No reasons are advanced why the judgment creditors should be brought into the suit, and I can discover none. The interests of the judgment creditors named in the assignment are conserved by the trustee, who must protect the assignment from attack and establish its priority. His course in bringing this action is within the following rule:

"Where the complainant claims in opposition to the assignment or deed of trust, and seeks to set aside the same on the ground that it is fraudulent and void, he is at liberty to proceed against the fraudulent assignee or trustee who is the holder of the legal estate in the property, without joining the cestui que trust." Beach, Mod. Eq. Pr. vol. 1, pp. 37, 38; Vetterlein v. Barnes, 124 U. S. 169, 8 Sup. Ct. 441, 31 L. Ed. 400.

Nor does it seem necessary that the legal representatives of the testator should be joined as defendants. It is a general rule of long standing that all parties whose interests may be affected by the decree must be before the court. Wiser v. Blachly, 1 Johns. Ch. 437. The legal representatives have no interest in any of the questions here presented. The surviving executor of the will, who is one of the defendants, refuses to pay the legacy to which complainant claims to be entitled, because of conflicting claims asserted by other defendants, who also claim to hold assignments of the legacy, or a portion thereof. Nothing, therefore, is before the court, from which it may be inferred that any of the legal representatives of the estate are likely to be in any way affected by a decree in this case. It is not apparent that they are necessary or essential parties. 22 Ency. Pl. & Pr. 162.

Demurrer overruled, with costs; defendants to answer within 20 days.