Luella Heinroth et al., Appellants, v. Elvin J. Griffin et al., Appellees.

### Gen. No. 5,127.

1. DECREES—*when providing for sale conclusive.* A decree providing for the sale of real property which contains a provision that it shall be void if a certain bid is not made is conclusive upon all the parties thereto if such a bid has been made and the sale made pursuant thereto confirmed.

2. DECREES—*upon whom conclusive.* Decrees are not only binding upon the parties thereto but also upon those who have outstanding unrecorded and undisclosed interests in the subject-matter thereof and upon those who have been represented in the proceeding by their trustee (their interests as *cestuis que trust* not

having been disclosed until after the rendition of the decree in question).

3. INJUNCTIONS—*restraining sale under execution construed.* *Held*, that the decree in question in this case operated perpetually to enjoin the sale of the real estate in question under a particular execution specified.

Mandamus. Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed April 28, 1909.

**Statement by the Court.** This was a petition filed by Luella Heinroth and Fred C. Tiedt against the sheriff of Lake county for a writ of *mandamus* to compel the sheriff to sell certain premises upon an alias execution in favor of the Illinois Brick Company against the Winthrop Harbor & Dock Company, issued on August 24, 1903, under which on September 7, 1903, a redemption was alleged to have been made from a prior sale to one Lawrence C. Moore, and said execution on that day levied on said real estate by a former sheriff, but which execution the petition averred was still outstanding and unsatisfied in the hands of the successor in office of said sheriff and still in full force. The petition set out at great length that the harbor company acquired title to this real estate and mortgaged the same and defaulted, and that William Jones became the holder of the notes secured by the mortgage and filed a bill to foreclose against the harbor company and the Illinois Brick Company and others; a final decree of foreclosure; the sale of the premises to William Jones and the issue of a certificate of purchase to him; that Caroline Roth recovered a judgment against the harbor company in the Superior Court of Cook county and filed a transcript thereof in Lake county and had an execution thereon to the sheriff of Lake county, which was levied on said real estate, and that Caroline Roth paid to the sheriff $12,330.35 to redeem from said foreclosure sale on August 13, 1903, and the sheriff executed a certificate of redemption to Caroline Roth and filed the same for record; that the

sheriff then, under said execution in favor of Caroline Roth, sold said real estate on September 5, 1903, to Lawrence C. Moore for $24,000, and a certificate of purchase was issued to him and filed for record; that on March 20, 1901, the Illinois Brick Company recovered a judgment against the harbor company in the Circuit Court of Cook county for $275.83 and filed a transcript thereof in Lake county; that said judgment was assigned in writing to William D. Cravens and by him to H. Martin, which assignments were recorded in Lake county on September 7, 1903; and that on August 24, 1903, an alias execution was issued on said transcript to the sheriff of Lake county and placed in the hands of the sheriff. The petition further stated that certain persons were desirous of acquiring title to said land and secured the co-operation of said H. Martin, then the owner of said judgment, and contemplated redeeming the premises from said sale under the execution of Caroline Roth and the purchase by said Moore, but did not have sufficient money, and that their attorney, F. H. Novak, on September 7, 1903, requested and received from Luella Heinroth $2,200 and from Tiedt $5,200 which with other moneys were to be used by Novak in redeeming from the sale to Moore, and which moneys were to be secured in this manner: Martin was to assign to Novak as trustee said judgment of the Illinois Brick Company and all his right in said alias execution then in the hands of said sheriff, and all his right in the redemption moneys to be paid in the name of Martin in making redemption from said sale to Moore, and also an assignment in blank of the certificate of redemption to be issued to Martin, and Novak was to hold these assignments as security for petitioners till the sheriff sold the real estate under said alias execution; and that petitioners should be repaid out of the proceeds thereof; and if Martin obtained title to said real estate through said sheriff's sale, then Martin was to give his notes due in one year and secured by a trust deed on said real

estate. The petition further stated that Novak paid to the sheriff said money to redeem from said sale to Moore, and that the sheriff delivered to Novak a certificate of redemption issued to Martin, showing that Martin had on that day, September 7, 1903, redeemed from the sale under the Caroline Roth execution; that the sheriff paid said money to Moore, and paid to one J. Husak, who was then the owner of the Caroline Roth judgment, the amount paid by Caroline Roth to redeem from the sale to Jones, and that the rest of the money was paid to Husak towards the satisfaction of the execution on the Caroline Roth judgment; and that, pursuant to the redemption in the name of Martin, the sheriff, on September 7, 1903, levied the execution in favor of the Illinois Brick Company upon said real estate that day redeemed; that said execution has ever since remained unsatisfied in the hands of the sheriff and his successor in office, Elvin J. Griffin; that said judgment in favor of the Illinois Brick Company has never been paid and is in full force; that said execution has never been released or satisfied, but that the sheriff has ever since refused and failed to advertise and sell the real estate thereunder; and that no part of the moneys advanced by Luella Heinroth and said Tiedt, or the interest thereon, has ever been paid to them, and that they have the right to have the sheriff advertise and sell said real estate under said alias execution, but he refuses so to do.

The sheriff answered setting up many facts prior to the litigation hereinafter mentioned, and setting up the filing of a bill of complaint by Arthur W. Burnham and others against Caroline Roth, H. Martin, Joseph Husak, Lawrence C. Moore, F. H. Novak and the sheriff of Lake county and others; and stated the substance of the bill and set out in full the decree rendered in that case, wherein it is claimed the sheriff of Lake county was perpetually enjoined from selling the real estate in question under the execution in favor of the Illinois Brick Company against the harbor com-

pany, issued under the judgment here in question. The substance of that bill and of that decree is fully stated in the opinion of this court when that decree was brought here for review, in Roth v. Burnham, 126 Ill. App. 222, to which opinion we refer for a statement of that decree. The sheriff relies upon that decree as his justification for refusing to sell under the execution issued in the case of the Illinois Brick Company against the harbor company.

The answer of the sheriff also set up that after the rendition of the decree in Burnham v. Roth, the master advertised and sold said real estate at public auction on May 10, 1905, to Fayette C. Munro for $16,343.62, and reported said sale to the court, and that the same was confirmed by the court; that no redemption was made from said sale and the premises were thereafter conveyed by the master to Albert C. Frost, then the legal holder of the certificate issued to said Munro; that afterwards, on September 5, 1907, Frost and his wife conveyed said real estate to Otto R. Hansen by warranty deed, which was duly filed for record, but which deed was in fact a mortgage; and that the title to said real estate is in Albert C. Frost, and that Frost and Hansen were necessary defendants to the petition. Thereafter, on motion of said petitioners, it was ordered that Frost and Hansen be made parties defendant, and process issued for them. A summons was issued and served upon Frost. An attempt was made to serve Hansen by delivering a copy of the petition and notice to a stenographer in his office in Milwaukee, Wisconsin. George M. Seward, receiver of A. C. Frost & Company, entered his appearance as a defendant. Frost and Seward each adopted the answer of the sheriff as his answer. A default was entered against Hansen. Petitioners demurred to the answer. That demurrer was overruled. They elected to abide by their demurrer and there was a judgment against them for the costs, from which they prosecute this appeal.

LESLIE A. NEEDHAM and HEYDECKER & FIELD, for appellants; CHARLES B. HAZELHURST, of counsel.

HOLLAND & ELLIOTT and ARTHUR J. MULLEN, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

It is first contended that the decree in Burnham v. Roth is not a bar to the relief sought in this case because said decree was so worded that it never became effective. Said decree (see 126 Ill. App. on page 238) directed a sale of the premises by the master and that there should be considered as bid at such sale by Husak $12,230.35, with interest at six per cent. from the date of the redemption by Mrs. Roth to the date of the sale, and the costs of the sale; that the complainants be required to raise the bid; and petitioners in their brief here say that the decree provided that if complainants or some one of them failed to make such bid, then no sale shall be considered to have taken place and the decree shall be deemed void and of no effect; that said condition was never complied with but the property was sold to Munro, who was not a party to the proceeding, and therefore the decree by its terms became void. Petitioners obtained the basis for this argument by omitting from their brief certain words of this decree. The decree provided "that upon the failure of the said complainants or some of them or some other person to make such bid and pay said money, then no sale shall be considered to have taken place and this decree shall be deemed void." Munro came within the provision for a bid by "some other person", and therefore, if the complainants did not make the required bid, still the decree remained in force. But there is nothing to show that the complainants did not make such bid as the decree required of them. They may have made such bid and Munro may have overbid them. The subsequent confirmation

of the sale is conclusive upon all persons bound by that decree that the terms of the decree were complied with.

It is argued that the decree only enjoined the sheriff from making sale under said alias execution on September 7, 1903, and as that date was passed that injunction is no longer effective and does not prevent the sheriff from selling now. The language of the decree in that respect is "that the injunction granted in this case restraining and enjoining the sheriff of Lake county, Illinois, from making and holding any sale under, by virtue of and consequential upon, said redemption made by or in the name of H. Martin, on September 7, 1903, be and the same is hereby made perpetual." The date September 7, 1903, refers not to a date of sale but to the date of the redemption made by Novak in the name of Martin. If the preliminary injunction had restrained a sale under said execution on the particular day then fixed for that sale, this decree is broader and perpetually enjoins the sheriff from making any sale by virtue of the redemption made by Novak in the name of Martin, which was the redemption under the judgment and execution of the Illinois Brick Company.

It is argued that this decree is not binding upon the petitioners because they were not parties to that suit. The petition alleges that the title to the judgment and execution of the Illinois Brick Company was in Novak as trustee for the petitioners. Under the allegations of the petition this assignment to Novak could not have been earlier than September 7, 1903, and may have been later, as the petition only states that "thereafter" Martin executed and delivered to Novak an instrument whereby he assigned to Novak said judgment and all interest in said alias execution. It is not alleged that the complainants in Burnham v. Roth had any notice that Novak was trustee for Luella Heinroth and for Tiedt or had any notice that they had any interest in the judgment or execution. There is no allegation that the assignment was recorded nor is

any fact stated which would give the complainants in that bill notice that petitioners had any interest whatever in the subject-matter of that suit. In the absence of such notice complainants could not make them parties. It would be fatal to the validity of decrees in courts of equity in such matters if persons holding an unrecorded interest in some portion of the matter litigated could afterwards in this collateral manner avoid a decree rendered in a cause in which all the parties were brought in whose interests were disclosed. Novak, who had the title to the judgment and execution by the assignment and who was the trustee for petitioners, was a party to the suit and bound by the decree, and, according to that decree, was a party to the conspiracy and fraud which that decree sought to undo. We are of opinion that petitioners must be treated as present in that suit by their trustee, Novak, and therefore as bound by the decree. Vetterlein v. Barnes, 124 U. S. 169; Beals v. I. M. & T. R. R. Co., 133 U. S. 290, and authorities there cited.

Counsel for both parties have very naturally drifted outside of the record, and have discussed some facts which our opinion in Roth v. Burnham, *supra,* shows were in evidence in the trial of that chancery cause, and among these facts is the circumstance that Luella Heinroth was a witness on the trial of that case and therefore knew of the pendency of that suit and if she desired to protect her interest she could have intervened, set up her secret rights and obtained an order giving her permission to defend. We deem it improper to consider anything outside the present record. But suppose that petitioners had there intervened or that complainants in that suit had had notice of their interest and had made them parties defendant as well as their trustee, Novak. Still under the facts found in that decree the use of Caroline Roth's judgment in the redemption sale for an amount far in excess of what remained due thereon and the subsequent fraudulent acts of Heinroth, Husak, Moore, Martin

and Novak, would have required the setting aside of said sales and redemptions, and the fact that petitioners here might have innocently loaned some money to parties who wished to secure title to this real estate, upon an agreement that the subsequent certificates should be issued or assigned to them as their security could not have prevented the decree against them. Their relief must be sought against the parties to whom they loaned the money which was used in these fraudulent transactions.

We deem it unnecessary to consider the question whether there was sufficient service upon Hansen. The answer avers that Frost is the actual owner of the title. If so he has a right to protect it. But if the title is in Hansen, Frost warranted that title to him and has a right to resist this application for the purpose of protecting that title. But if these defendants had not been brought in, the sheriff had a right, and no doubt it was his duty, to set up in defense the decree which perpetually enjoined him from making a sale under this execution.

The judgment is affirmed.

*Affirmed.*