## NEW YORK LIFE INS. CO. v. O'BRIEN et al. (two cases).

District Court, W. D. Michigan.   February 22, 1927.

### Nos. 2048, 2056.

1. **Trusts** ⬠46(1)—**Equity will not countenance life insurer's assertion of right as passive trustee of proceeds of policies after insured's death.**

Court of equity will not countenance right asserted by life insurance company to be considered as a passive trustee of proceeds of policies after insured's death.

2. **Trusts** ⬠178—**Equity may modify terms of trust to preserve, but not to defeat or destroy, it.**

Court of equity has power to do whatever is necessary to preserve a trust from destruction, and, in exercise of such power, it may, under some circumstances, modify terms of trust to preserve it, but not to defeat or destroy it.

3. **Courts** ⬠259—**State statutes cannot impair federal court's inherent equity powers.**

State statutes cannot impair the inherent powers of the federal court in equity.

4. **Trusts** ⬠169(1)—**Insurer, denying trust in proceeds of life policies it seeks to cancel for fraud, cannot question competency of proposed substituted trustee, nor assert that substitution will defeat trust.**

Life insurance company, denying existence of trust in proceeds of policies which it seeks to cancel for fraud, cannot question competency of trustee proposed to be substituted for it, nor assert that substitution will defeat terms of trust agreement.

5. **Trusts** ⬠46(1)—**Insurer cannot assert rights as trustee of proceeds of life policies, after suing to cancel policies for fraud.**

Life insurer, assuming to act as trustee to receive proceeds of policies for benefit of cestuis que trust, may not continue to assert rights as trustee after instituting suits to cancel policies for fraud; it being its duty to renounce the trust and file disclaimer immediately on discovering evidence of fraud, warranting cancellation proceedings.

In Equity. Suits by the New York Life Insurance Company against Stephen L. O'Brien and others and against Marie E. O'Brien and others. On motions by defendants for removal of plaintiff as trustee to receive the proceeds of life insurance policies,

---

[1] Final order, directing a decree dismissing the bill, was granted March 15, 1927, on the above opinion.

and appointment of a new trustee. Orders granting such relief.

Appeal dismissed (C. C. A.) 22 F.(2d) 1016, 1017.

Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., for plaintiff.

Martin H. Carmody and Fred P. Geib, both of Grand Rapids, Mich., for defendants.

RAYMOND, District Judge. The bills of complaint filed in the above-entitled suits seek because of alleged fraud, to cancel three insurance policies issued by plaintiff on the life of defendant, Dr. Stephen L. O'Brien, and to enjoin defendants from bringing any action at law thereon.

About three weeks after the institution of case No. 2048, Dr. O'Brien died. The remaining defendants are the widow and two minor children of deceased. The policies as issued were payable to the executors, administrators, and assigns of insured, but later the beneficiaries were changed, and the New York Life Insurance Company, as trustee under two certain trust agreements, was made beneficiary of the proceeds of the policies. These trust agreements in substance provide for the payment of 240 monthly installments of $50 each to the widow as first beneficiary, and in event of her death to the children.

Motions have been made by the defendants asking that the New York Life Insurance Company be removed as trustee, and that a new trustee, the Grand Rapids Trust Company, of Grand Rapids, Mich., be appointed. These motions are based generally upon the grounds that plaintiff is both insurer and trustee-beneficiary, and that in its latter capacity it is the only party legally entitled to sue for the proceeds of the policies, and is an indispensable party to any proceedings to avoid the trust. It is urged that its interest as insurer is antagonistic to its duties as trustee, and that the cestuis que trust are entitled to a trustee loyal to their interests.

Plaintiff urges that under section 11590 of the Compiled Laws of Michigan of 1915 it may be removed as trustee only by petition or bill of complaint and not in a summary manner; that the federal court in equity has no jurisdiction to remove a trustee under a trust which by its express terms is to be governed solely by the laws of New York; that no trust fund exists unless and until this litigation terminates favorably to the defendants; and that the trust is passive, imposing

no duty on the trustee until the fund is actually "received."

It is also argued that to appoint the Grand Rapids Trust Company as trustee would defeat the express terms of the trust, in that the plaintiff's rights to mingle the proceeds of the policies with its general corporate funds and to pay in monthly installments will be lost.

[1] In these suits the cestuis que trust, the widow and minor children of the insured, are made parties defendant, while the beneficiary trustee is of course omitted. The general rule in actions of this character is that the cestuis que trust are not necessary parties, and that the trustee is under a duty to actively protect and defend them. A court of equity will not countenance the right asserted by plaintiff to be considered as a "passive trustee" after the death of insured. See Perry on Trusts and Trustees, §§ 266, 328, 438. In the case of Vetterlein v. Barnes, 124 U. S. 169, 8 S. Ct. 441, 31 L. Ed. 400, the following language from Rogers v. Rogers, 3 Paige (N. Y.) 379, was quoted with approval:

"As a general rule, the cestuis que trust, as well as the trustee, must be parties; especially where the object is to enforce a claim consistent with the validity of the trust. But where the complainant claims in opposition to the assignment or deed of trust, and seeks to set the same aside on the ground that it is fraudulent and void, he is at liberty to proceed against the fraudulent assignee or trustee, who is the holder of the legal estate in the property, without joining the cestui que trust."

The court then said:

"The assignment of the policies in question in trust for the wife and children of the assignor—the trust having been accepted— carried with it, by necessary implication, authority in the trustees, by suit or otherwise, to collect the insurance moneys for the beneficiaries. Indeed, they could not otherwise have fully discharged the obligations they assumed as trustees. They were entitled to represent the beneficiaries in their claim for the insurance money, and were under a duty to defend any suit, the object of which was to prevent the discharge of that duty, and set aside the transfer of the policies as fraudulent and void. It results that the wife and children of Theodore H. Vetterlein were not necessary parties defendant."

The essential purpose of the creation of the trust was for the protection of the widow and minor children of insured. It is to be presumed that their incapacity in business affairs was the moving cause for the creation

of the trust. It seems farcical to assert, in a proceeding where the trustee is actively engaged in an effort to deny and defeat the very existence of the trust, that a court of equity is without power to afford protection. In the case of May v. May, 167 U. S. 310, 17 S. Ct. 824, 42 L. Ed. 179, it was said:

"The power of a court of equity to remove a trustee, and to substitute another in his place, is incidental to its paramount duty to see that trusts are properly executed; and may properly be exercised whenever such a state of mutual ill-feeling, growing out of his behavior, exists between the trustees, or between the trustee in question and the beneficiaries, that his continuance in office would be detrimental to the execution of the trust, even if for no other reason than that human infirmity would prevent the cotrustee or the beneficiaries from working in harmony with him, and although charges of misconduct against him are either not made out, or are greatly exaggerated."

[2] A court of equity has the power to do whatever is necessary to be done to preserve a trust from destruction, and in the exercise of this power it may, under some circumstances, modify the terms of the trust to preserve it, but not to defeat or destroy it. 26 R. C. L. 1283.

[3-5] State statutes cannot impair the inherent powers of the federal court in equity. In the circumstances here disclosed, plaintiff may not question the competency of the proposed trustee. Nor may it assert that a substitution will defeat the terms of the trust agreement. It has elected to deny the existence of the trust. When an insurer assumes to act also in the capacity of trustee to receive the proceeds of the policy for the benefit of cestuis que trust, it may not, after the institution of suits to cancel the policy for fraud, continue to assert rights as trustee. It became its duty, immediately upon discovery of evidence of fraud sufficient in its judgment to warrant the proceedings instituted, to renounce the trust and file a disclaimer.

There can be no doubt of the capacity and competency of the proposed trustee to act in the instant cases. Should a trust fund result, and it is then made to appear on the application of a party in interest that it is not qualified to perform the terms of the trust so far as they are beneficial to the cestuis que trust, a further order of the court may be necessary.

Orders will be entered in both cases, removing plaintiff as trustee under the trust agreement set forth in the bills of complaint and appointing the Grand Rapids Trust Company trustee in place and stead of plaintiff.