374

O'Neal & O'Neal and Henry J. Tilford, all of Louisville, Ky., and Kenneth D. Johnson, Donald J. Hurley, and Goodwin, Proctor & Hoar, all of Boston, Mass., for plaintiff.

Ethelbert V. Grabill, of Boston, Mass., for defendant Elizabeth H. Monsarrat.

Charles M. Rogerson, of Boston, Mass., for defendant Boston Safe Deposit and Trust Co.

McLELLAN, District Judge.

Each of the defendant's answers raises two identical questions. The first is whether, apart from any matters of form, the bill of complaint should be dismissed because it states no case for equitable relief. The second question is whether the bill should be dismissed for want of indispensable parties defendant.

No special ground for dismissal having been stated in the answers, the motion to dismiss on the first ground must depend upon whether the bill discloses any ground for equitable relief. The question here presented is not whether the plaintiff is entitled to all the kinds of relief for which she prays, but whether the bill is of such a character as to warrant some of the relief which the plaintiff seeks.

The bill shows the requisite diversity of citizenship and the requisite amount in controversy to give this court jurisdiction, if the bill states a case for equitable relief.

The allegations of the bill show that the plaintiff and the individual defendant are sisters. In May, 1921, their mother died, leaving a will in which the defendant Elizabeth H. Monsarrat was named as executrix. The will, which was duly admitted to probate in Ohio, provides in part as follows: "I give, devise and bequeath to my daughter Elizabeth H. Monsarrat, should she survive me, all the residue of my estate, real and personal and of every kind and description, wheresoever the same may be situate and of whatsoever the same may consist, to have and to hold the same, to use, manage, enjoy, possess, control, to receive the rents, income and profits arising therefrom, for the full term of her natural life; subject however that she provide a reasonable maintenance and support from said income for my daughter Corrine Q. Monsarrat."

In 1931, the defendant Elizabeth H. Monsarrat executed and delivered a trust deed to the defendant Boston Safe Deposit & Trust Company, containing, among others, the following provisions:

"To Corrine Monsarrat for and during her life the sum of two hundred and fifty dollars ($250.00) per month, but not exceeding one-half of the net income, payable monthly on the first business day of each month, and at such place and address as said Corrine Monsarrat may designate in writing to the Trustee from time to time. * * *

"Should the said Corrinne Monsarrat survive the Grantor, then at the death of the Grantor the Trustee shall select from the stocks, bonds or other securities in this Trust, stocks, bonds or other securities having a market value equivalent to forty per cent (40%) of the total market value of all the stocks, bonds or other securities in this Trust, and pay the net income from the stocks, bonds or other securities so selected to the said Corrine Monsarrat in equal monthly installments for and during her life; and, further, at the death of the Grantor, the Trustee shall thereupon assign, transfer and convey to the Administrator of the Estate of Nicholas D. Monsarrat, deceased, and the Administratrix, with the will annexed, of Charles R. Monsarrat, deceased, in equal shares, respectively, all other stocks, bonds and other securities in said Trust Fund, said apportionment to be based and calculated upon the market value of all of said securities at the time said division, assignment, transfer and conveyance is made or should have been made."

According to the allegations of the bill, the securities thus transferred by the individual defendant to the trust company came to the defendant Elizabeth H. Monsarrat as a part of the estate of her mother, and at the time of the filing of the bill of complaint were worth more than $100,000. It is alleged that this property came to the individual defendant solely as executrix and trustee under her mother's will. It is stated in the bill that knowledge of the existence and execution of the trust deed was withheld from the plaintiff until May, 1933; that the plaintiff has never consented thereto; and that the deed of trust does not provide a reasonable support for the plaintiff, as required by the terms of her mother's will, but that it attempts to set aside specific property for the support of the plaintiff, while under the terms of her mother's will her support is a charge upon all the property of the estate. It is alleged further that "said Deed does not account for or transfer all the property possessed by defendant, Elizabeth H. Monsarrat, as Trustee under said will; and that said Deed provides for a lesser accountabil-

ity and liability on the part of the defendant, Boston Safe Deposit and Trust Company, than required from the Trustee under said will, and also provides that it shall be governed by the laws of the State of Massachusetts to the jeopardy of plaintiff's rights. Plaintiff states that said Deed should be set aside and held void. Plaintiff does not assert connivance or wrong doing on the part of the defendant, Boston Safe Deposit & Trust Company, other than acceptance of said deed and in the administration of the affairs under said Deed recognizes it as de facto Trustee until the termination of this suit. * * * "

The plaintiff goes on with other averments which, for the most part, bear upon the question not here considered as to what relief, if any, in addition to the setting aside of the trust deed, may be granted.

■ The individual defendant's acceptance of the legacy to her under her mother's will, subject to the requirement that she provide a reasonable maintenance and support for the plaintiff from the income of the property, resulted in something more than a mere legal obligation for the payment of money to the plaintiff. It conferred upon the plaintiff an equitable interest in the property, and, for the present purposes, it makes little difference whether one calls that which the situation produced a trust, an equitable lien, an equitable charge, or something else. In Ohio, where the testatrix lived and where the will was admitted to probate, it is held that under these circumstances there is an equitable charge upon the estate devised. Yearly v. Long, 40 Ohio St. 27. In Kinney v. Bounds (1933) 46 Ohio App. 415, 189 N. E. 118, the syllabus by the court, which as I recall it in that state constitutes the actual decision of the court, shows that a testator bequeathed all his property to A, absolutely; he, however, to provide a living for B as long as she should remain unmarried. It was held that a lien or trust was created upon the testator's real estate in B's favor. In some other jurisdictions it is held that a trust is created. Colton v. Colton, 127 U. S. 300, 8 S. Ct. 1164, 32 L. Ed. 138; Johnson v. Johnson, 215 Mass. 276, 102 N. E. 465. In any event, the plaintiff's interest in the property which passed to the defendant Elizabeth H. Monsarrat under their mother's will, or in the income thereof, was an equitable one, and the recipient of the property was bound to recognize this equitable interest. She was not authorized to delegate that duty to another by a trust deed

of the character here involved. In this connection, it seems noteworthy that the trust deed purports to subject less than all of the property conveyed to the plaintiff's claim for support, in the event that the plaintiff should survive her sister. The trust deed also provides for the monthly payment of a definite sum for the plaintiff's support, with provisions for a reduction in case the income from the property should grow less, without any provision for increased payments in the event of increased income.

The plaintiff having stated a case for equitable relief of some kind, the motion for dismissal contained in each of the defendants' answers should be denied, unless it is to be dismissed for want of indispensable parties defendant.

The answer of each defendant asks that the bill be dismissed because the administrators of the estates of two deceased brothers of the plaintiff are not made defendants. In the will, a copy of which is annexed to the bill of complaint, these two brothers are named as beneficiaries. By the residual clause of the will, the individual defendant Elizabeth H. Monsarrat took the property hereinbefore referred to, and it was provided, in substance, that upon her death the property should go over to the two brothers, subject, however, to the provision for the plaintiff's support. When the trust deed, copy of which is annexed to the bill of complaint, was delivered, the brothers had died, and this instrument provided that, upon the death of the defendant Elizabeth H. Monsarrat, 60 per cent. of the trust fund should go to the administrators of the brothers' estates. The individual defendant, in her answer, states that the administrators assented to the execution and delivery of the trust deed. The bill discloses that these administrators are without the jurisdiction of this court.

Equity Rule 39 (28 USCA § 723) and 28 USCA § 111 do not seem to me pertinent to this inquiry.

■ The general rule is that, in equity, all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are necessary parties, so that there may be a complete decree which shall bind them all. Gregory v. Stetson, 133 U. S. 579, 10 S. Ct. 422, 33 L. Ed. 792; Garretson et al. v. National Surety Company (C. C. A.) 63 F. (2d) 847; Niles-Bement-Pond Company v. Iron Moulders' Union Local, 254 U. S. 77, 41 S. Ct. 39, 65 L. Ed. 145. But where the required joinder of beneficiaries of a trust would defeat the court's jurisdiction, and the

trustee, by virtue of the terms of the trust or the nature of the suit, fully represents such beneficiaries, they are not indispensable parties within the meaning of the general rule. Jackson v. Tallmadge, 246 N. Y. 133, 158 N. E. 48; Vetterlein v. Barnes, 124 U. S. 169, 8 S. Ct. 441, 442, 31 L. Ed. 400. In the case at bar, the suit is in derogation of the trust, and the trustee represents the beneficiaries, who need not be joined. Kerrison v. Stewart, 93 U. S. 155, 23 L. Ed. 843. See, also, Vetterlein v. Barnes, supra, stating: "In Sears v. Hardy, 120 Mass. 529, the court, after observing that who shall be made parties to a suit in equity cannot always be determined by definite rules, but rests to some degree in the discretion of the court, said: 'Generally speaking, however, to a suit against trustees to enforce the execution of a trust, cestuis que trust, claiming present interests directly opposed to those of the plaintiff, should be made parties. * * *' But the rule is different where the claim of the plaintiff antedates the creation of the trust, and the suit is brought, not in recognition or furtherance of the trust, but in hostility to it, as fraudulent and void."

The facts alleged in the bill of complaint in the instant case are sufficient to bring it within the Vetterlein Case. The trustee represents the administrators of the estates of the two deceased brothers, and the plaintiff's claim is based, not upon the trust instrument, but in opposition thereto and upon the will of her mother which antedates the trust instrument. The alleged remaindermen under the trust are not indispensable parties, and the suit may proceed without them.

Since there is no want of indispensable parties, and the bill states a case for equitable relief, the defendants' motions for dismissal set up in their answers are overruled.