**RIGBY RANCH CO. v. CALIFORNIA TRUST CO. et al.**

**No. 738–M.**

District Court, S. D. California, Central Division.

Feb. 26, 1936.

J. D. Skeen and E. J. Skeen, both of Salt Lake City, Utah, and Halverson & Halverson, of Los Angeles, Cal., for plaintiff.

John W. Hart and Delvy T. Walton, both of Los Angeles, Cal., for defendants Russell K. Barnes and Edwin G. Hart.

Swanwick, Donnelly & Proudfit and Donald O. Welton, all of Los Angeles, Cal., for defendants California Trust Co. and Randolph Smith.

Hulen C. Callaway and L. E. Tripp, both of Los Angeles, Cal., for defendants Schuyler A. Hixson and L. E. Tripp.

David H. Cannon, of Los Angeles, Cal., for defendant David P. Howells.

McCORMICK, District Judge.

After thorough and careful consideration of the amended bill of complaint, and of the briefs which have been filed by solicitors for the respective suitors; I am of the opinion that the suit alleged in the amended bill of complaint cannot be maintained in the United States District Court for the Southern District of California, and accordingly it should be dismissed. The court has this day entered appropriate minute orders granting the several motions to dismiss the amended bill of complaint that have been interposed by different defendants, but so that the chief reason for the action of the court in dismissing the amended bill of complaint without leave to amend may be known, it is considered proper to file this brief memorandum of ruling.

It is to be observed, however, that the amended bill of complaint is deficient in other particulars that are not discussed in this memorandum.

Rigby Ranch Company, the sole complainant, is a corporation organized under the laws of the state of Utah, with its principal place of business in Salt Lake City, Utah. All of the defendants named in the amended bill of complaint are California corporations or citizens and residents of the last-named state. There is no federal question involved, and the only basis for recourse to this court is the diverse citizenship of the parties.

The purpose of this suit is to establish and enforce a constructive trust in real property situate entirely within the states of Utah and Wyoming. The title to this land rests in Continental National Bank & Trust Company of Salt Lake City, Utah, a Utah corporation. This company has not been made a party to this action. It is alleged in the amended bill of complaint that said corporation holds title to the property in controversy for and on behalf of one David P. Howells, who is made a defendant in this suit, and one Ernest Bamberger, a citizen and resident of the state of Utah, who is not made a defendant herein. These two natural persons, Howells and Bamberger, are alleged on information and belief to be coconspirators, and, indeed, are so averred to be the primary and paramount conspirators who, it is alleged, confederated and schemed to acquire complainant's said property fraudulently under an illegal foreclosure of defaulted bonds that were secured by the property in suit.

It is claimed that the Utah Trust Company is not an indispensable party because it has no interest in the property and falls in the category of a "naked" or "passive" trustee. But even if it be assumed that the Utah Trust Company is to be so classified, nevertheless the failure to make either the trustee or both beneficiaries defendants in this suit utterly destroys the efficacy of this action when considered as one in equity to enforce a constructive trust and compel restoration to complainant of the lands in suit. How could this court decree reconveyance of the res or trust property unless its process could reach all who have a legal or equitable interest in the property? And the power of this court to administer compensatory relief or damages is dependent, secondary, and operative only when and if the primary equitable remedy which is sought is unavailable. No such situation is shown by the amended bill of complaint. To the contrary, one of the beneficiaries is made a defendant, but the other is not, and neither is the trustee. In a suit such as this, where the com-

plainant predicates its claim upon matters antedating the creation of the trust and seeks remedies not in furtherance or in recognition of the trust, but in hostility to it as fraudulent and void, it must make all beneficiaries or the trustee of all beneficiaries defendants in the action. This requirement has not been met, and if met will defeat the suit as one cognizable in the United States District Court for the Southern District of California. Under such situations, the suit should be dismissed, and it is so ordered. See Vetterlein v. Barnes, 124 U.S. 169, 8 S.Ct. 441, 31 L.Ed. 400; Kerrison v. Stewart, 93 U.S. 155, 23 L.Ed. 843; Brach v. Moen (C.C.A.8) 4 F.(2d) 786; Monsarrat v. Monsarrat (D.C.) 9 F.Supp. 374, and McMurray v. Chase National Bank (D.C.) 10 F.Supp. 960.