Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SALUSTIANO ÁLVAREZ MÉNDEZ Y OTROS<br><br>Recurrida<br><br><br>v.<br><br><br>JOSÉ ARTURO ÁLVAREZ GALLARDO Y OTROS<br><br>Peticionaria | TA2026CE00139 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de<br><br>Caso Núm.:<br>SJ2021CV05977<br><br>Sobre:<br>Sentencia Declaratoria; Nulidad de Fideicomiso; Cumplimiento Específico de Obligaciones Fiduciarias; Daños y Perjuicios por Acciones Antijurídicas |

Panel integrado por su presidenta la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Mateu Meléndez, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2026.

Comparecen ante nos Méndez & Co., Inc. (Méndez & Co.) y los señores José Arturo Álvarez Gallardo (señor Álvarez Gallardo), Carlos Álvarez Méndez (señor Álvarez Méndez), Pablo José Álvarez Muñoz (señor Álvarez Muñoz) y Manuel H. Dubón Otero (señor Dubón Otero) (en conjunto, parte peticionaria), mediante el presente recurso de *certiorari*, y solicitan que revoquemos la *Resolución* emitida y notificada en el caso con el 7 de enero de 2026. Mediante el aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI)[1] declaró *No Ha Lugar* la *Moción de Desestimación Parcial* presentada por la parte peticionaria.

---

[1] Sistema Unificado de Manejo y Administración de Casos (SUMAC) TPI, Entrada Núm. 471.

Por los fundamentos expuestos a continuación, expedimos el auto de *certiorari*, **modificamos** el dictamen recurrido y, así modificado, lo **confirmamos**.

-I-

La controversia ante nuestra consideración tuvo su génesis el 17 de agosto de 2024, luego de que el señor Manuel Lecaroz Pasarell[2] (señor Lecaroz Pasarell), la señora Irma Elena Fiol Martínez, la sociedad legal de bienes gananciales compuesta por ambos, los señores Salustiano Álvarez Fiol, Luis Antonio Álvarez Fiol y la señora Irma María Álvarez Fiol (en conjunto, parte recurrida)[3] presentaron una *Tercera Demanda Enmendada* en la causa de epígrafe.[4] En lo atinente, la parte recurrida solicitó que el TPI declarara nulo o anulable el Fideicomiso, constituido en el año 1949 y que ha sido objeto de sendas modificaciones, entre ellas, que se ha extendido su término de expiración original. Asimismo, imputó a la parte peticionaria una serie de actuaciones que, según adujo, menoscaban la esencial del Fideicomiso y benefician indebidamente a ésta. Entre las dieciséis (16) causas de acción expuestas, son objeto del dictamen recurrido ante nos las siguientes:

a. Primera causa de acción *(nulidad del Fideicomiso por duración vedada por ley)*.

b. Segunda causa de acción *(anulabilidad del Fideicomiso por duración vedada por ley)*.

c. Tercera causa de acción *(prohibición de extender la vigencia del Fideicomiso luego de su expiración en el 2027)*.

d. Cuarta causa de acción *(las acciones de Lecaroz no fueron cedidas [al] Fideicomiso vigente)*.

Tras varios incidentes procesales que no son meritorios pormenorizar, el 1 de noviembre de 2024, la parte peticionaria interpuso

---

[2] En su capacidad de accionista minoritario de Méndez & Co.

[3] En su capacidad personal y como fideicomitentes y beneficiarios del Fideicomiso de Acciones de Méndez & Co. (Fideicomiso).

[4] SUMAC TPI, Entrada Núm. 182. Cabe destacar que, el 15 de septiembre de 2021, se presentó la *Demanda* original.

una *Moción de Desestimación Parcial (Primera, Segunda, Tercera y Cuarta Causas de Acción de la Tercera Demanda Enmendada)*.[5] En esencia, sobre las dos primeras causas de acción, negó la aplicación del Artículo 846 del Código Civil de 1930,[6] sobre el que descansan. Esto, pues el mismo se refiere a situaciones testamentarias o de orden sucesoral, lo que no fue alegado en la *Tercera Demanda.* De igual forma, aseveró que no se alegaron vicios en el consentimiento o que el fideicomiso adolece de ausencia de objeto o causa lícita, de modo que no podía alegarse su nulidad o anulabilidad. De igual forma, planteó que no se incluyeron como partes a todos los otorgantes de la extensión del fideicomiso quienes, de decretarse la nulidad o anulabilidad del fideicomiso, se verían afectados.

Por otro lado, en su escrito, la peticionaria arguyó que la Ley Núm. 219 del 31 de agosto de 2012, según enmendada, mejor conocida como la *Ley de Fideicomisos*, 32 LPRA sec. 3351 *et seq.* (Ley de Fideicomisos) no era aplicable por no ser de carácter retroactivo. En contrario, aseveró que la ley que rige el fideicomiso objeto del litigio lo era el Código Civil vigente durante su otorgamiento. En adición, planteó que las alegaciones del señor Lecaroz Pasarell ya habían sido adjudicadas por el foro de instancia por virtud de la *Sentencia* emitida el 12 de octubre de 2022, en el caso *Manuel Lecároz Pasarell v. Méndez & Co.*, Civil Núm. SJ2022CV07537 (907). Por ello, estas constituían cosa juzgada o estaban impedidas de volverse a litigar bajo la doctrina de impedimento colateral por sentencia. Consecuentemente, adujo que procedía la desestimación de la primera, la segunda, la tercera y la cuarta causa de acción.

---

[5] *Íd.*, Entrada Núm. 227.

[6] Dado que el fideicomiso objeto del presente asunto se constituyó antes del 28 de noviembre de 2020, hacemos constar que sería de aplicación el Código Civil de 1930, el cual fue derogado por la Ley Núm. 55-2020, también conocida como el *"Código Civil de Puerto Rico" de 2020*. No obstante, esta última pieza legislativa, en su Artículo 1812, establece que "[l]os actos y contratos celebrados bajo el régimen de la legislación anterior y que son válidos con arreglo a ella, surten todos sus efectos según la misma, con las limitaciones establecidas en este Código." 31 LPRA sec. 11717. Por tanto, para propósitos del presente caso, se hará referencia a las disposiciones del Código Civil derogado.

El 9 de diciembre de 2024, la parte recurrida sometió su *Oposición a Moción de Desestimación*.[7] En síntesis, arguyó que no existe ninguna disposición que establezca que el texto del Artículo 846 del Código Civil no es de aplicación al fideicomiso y que considerar lo contrario sería inmiscuirse indebidamente en la función legislativa. También, sostuvo que no era necesario acumular a todos los beneficiarios en una causa de acción para disolver un fideicomiso, toda vez que estos se encontraban representados por los fiduciarios. En adición, expuso que, de considerarse que los beneficiarios ausentes son partes indispensables, ello no es justificación para desestimar la causa de acción, sino que constituye un defecto susceptible de ser subsanado mediante enmienda para añadir a los ausentes.

Por otro lado, arguyó que la extensión del fideicomiso no puede basarse en las legislaciones derogadas, sino en la legislación vigente, pues lo contrario constituiría un subterfugio para eludir las disposiciones de la última. En cuanto al argumento sobre cosa juzgada o impedimento colateral por sentencia, expuso que el caso número SJ2022CV07537 se trató de un *injunction* estatutario, figura que no goza de la finalidad que caracteriza a los interdictos permanentes. De igual forma, señaló que en la sentencia aducida no se resolvió que el señor Lecaroz Pasarell no era accionista sino que el tribunal no estaba en posición de resolver que sus acciones no fueron traspasadas al Fideicomiso o que les fueron restituidas.

El 17 de enero de 2025, la parte peticionaria presentó *Réplica a "Oposición a Moción de Desestimación"*[8]. Por su parte, y en respuesta a dicho escrito, el 16 de febrero de 2025, la parte recurrida interpuso una *Dúplica a Réplica a Oposición a Moción de Desestimación (SUMAC 271)*.[9] El 7 de mayo de 2025, el foro *a quo* celebró una Conferencia sobre el Estado de los

---

[7] SUMAC TPI, Entrada Núm. 250.
[8] SUMAC TPI, Entrada Núm. 271.
[9] *Íd.*, Entrada Núm. 282.

Procedimientos. Surge de la *Minuta* que durante la misma las partes argumentaron sobre el petitorio de desestimación y su respectiva oposición.[10] Trabada la controversia, el 15 de octubre de 2025, la parte peticionaria interpuso una *Urgente Moción para la Adjudicación de las Mociones de Desestimación*.[11]

Así las cosas y tras varios sucesos que no son necesarios detallar, el 17 de enero de 2026, el foro de instancia notificó la *Resolución* recurrida.[12] En síntesis, encontró que el Artículo 846 del Código Civil de 1930, está en conflicto con la cláusula 26 del Fideicomiso, la que permite modificar el contrato de Fideicomiso siempre que cuente con el consentimiento de dos terceras partes (2/3) de los fideicomitentes. Por razón de ello, y en la etapa actual de los procedimientos, resolvió que no procedía desestimar las dos primeras causas de acción. Esto, pues si en su día se determinaba que dicha cláusula no se extiende a los méritos de prolongar la duración del fideicomiso, podría conllevar la concesión de un remedio en ley a favor de la parte recurrida. Asimismo, resolvió que los beneficiarios ausentes no eran partes indispensables en el caso, sino que la parte recurrida los representaban adecuadamente.

Por otro lado, respecto a la tercera causa de acción, coincidió con la parte peticionaria en cuanto a que la extensión del término del Fideicomiso prevista para el año 2027, no implica la creación de un nuevo fideicomiso. No obstante, discrepó en cuanto a que la Ley 219-20123 no aplique a las enmiendas posteriores a la aprobación de esta ley. Finalmente, sobre la cuarta causa de acción, el foro *a quo* entendió que el dictamen en el caso número SJ2022CV07537 no adjudicó de manera final y firme las alegaciones del señor Lecaroz Pasarell, de modo que no aplicaba la doctrina de

---

[10] *Íd.*, Entrada Núm. 322.
[11] *Íd.*, Entrada Núm. 444.
[12] SUMAC TPI, Entrada Núm. 471.

impedimento colateral por sentencia. Consecuentemente, el TPI declaró *No Ha Lugar* la *Moción de Desestimación* instada.

Inconforme con lo resuelto, el 6 de febrero de 2026, la parte peticionaria instó el recurso de epígrafe y le imputó al foro *a quo* la comisión de los siguientes errores:

PRIMER ERROR: ERRÓ EL TPI AL NO DESESTIMAR LA PRIMERA Y SEGUNDA CAUSAS DE ACCIÓN DE LA *TERCERA DEMANDA ENMENDADA* POR FALTA DE PARTE INDISPENSABLE EQUIPARANDO INCORRECTAMENTE ESTE CASO A UNA ACCIÓN DERIVATIVA.

SEGUNDO ERROR: ERRÓ EL TPI AL RESOLVER QUE EL ART. 846 DEL CÓDIGO CIVIL DE 1930 PUEDE SER APLICABLE Y, POR CONSIGUIENTE, LOS DEMANDANTES-RECURRIDOS TIENEN UN REMEDIO EN LEY.

TERCER ERROR: ERRÓ EL TPI AL CONCLUIR QUE LA LEY DE FIDEICOMISOS DE 2012 APLICA A ENMIENDAS A UN FIDEICOMISO CONSTITUIDO ANTES DE SU APROBACIÓN.

CUARTO ERROR: ERRÓ EL TPI AL NO APLICAR LA DOCTRINA DE COSA JUZGADA Y/O IMPEDIMENTO COLATERAL POR SENTENCIA A LAS ALEGACIONES DE LA CUARTA CAUSA DE ACCIÓN POR HABER SIDO ADJUDICADAS EN EL CASO CIVIL NÚM. SJ2022CV07537 PRESENTADO POR EL DEMANDANTE-RECURRIDO MANUEL LECAROZ PASARELL.

El 19 de febrero de 2026, la parte recurrida compareció mediante *Oposición a la Expedición del Auto de Certiorari*.[13] Siendo así, con el beneficio de la comparecencia de ambas partes y del expediente ante nos, procedemos a disponer del presente asunto no sin antes exponer la normativa jurídica aplicable.

-II-

A.

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 195 (2023) al citar a *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021) y otros. La

---

[13] SUMAC TA, Entrada Núm. 3.

característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd*. De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd*.

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[14] Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

*B.*

Nuestro ordenamiento jurídico permite que un demandado solicite la desestimación de la reclamación judicial instada en su contra cuando de las alegaciones de la demanda surja que alguna defensa afirmativa derrotará la pretensión del demandante. *Rodríguez Vázquez v. Hospital Español Auxilio Mutuo*, 2025 TSPR 55, 215 DPR ____. Es por esta razón que puede solicitarse la desestimación total de la reclamación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V R. 10.2. Esto puede

---

[14] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re. Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025).

hacerse inclusive, antes de contestar la demanda. *Íd.* Conforme la mencionada regla, podrá solicitarse la desestimación de un pleito cuando se alegue**:** (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio, y (6) dejar de acumular una parte indispensable. *Íd.*

En cuanto a la evaluación de un escrito de esta naturaleza, en innumerables ocasiones el Tribunal Supremo de Puerto Rico ha establecido que los tribunales están obligados a tomar como ciertos todos los hechos bien alegados de la demanda y que hayan sido aseverados de manera clara y concluyente. *Díaz Vázquez v. Colón Peña,* 214 DPR 1135 (2024). Así pues, para que una moción de desestimación pueda prosperar, tiene que demostrarse certeramente que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que se pueda probar en apoyo a su reclamación, aun interpretando la demanda lo más liberalmente a su favor. *Banco Popular de Puerto Rico v. Cable Media of PR, Inc.,* 2025 TSPR 1, 215 DPR ____; *Díaz Vázquez v. Colón Peña*, *supra* a la pág. 1150; *Inm. Baleares et al v. Benabe et al*, 214 DPR 1109, 1128 (2024).

En ese sentido, la desestimación de la demanda procederá solo si "surge que carece de todo mérito o que la parte demandante no tiene derecho a remedio alguno bajo cualesquiera de los hechos que se puedan probar." *Cruz Pérez v. Roldán Rodríguez, et al*., 206 DPR 261, 267-268 (2021). Siendo así, el tribunal deberá considerar "si a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida." *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409 (208) al mencionar a *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994).

Para que un demandado prevalezca cuando presente una moción de desestimación al amparo de la Regla 10.2(5), *supra,* debe establecer con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de derecho que pueda probarse en apoyo a su reclamación, aun interpretando la demanda de la forma más liberal posible a su favor. *Costas Elena v. Magic Sport Culinary Corp.,* 213 DPR 523 (2024), al mencionar a *Ortiz Matías et al. v. Mora Dev.,* 187 DPR 649, 654 (2013). Luego de efectuar este análisis, si aun así el tribunal entiende que no se cumple con el estándar de *plausibilidad,* entonces debe desestimar la demanda, pues no puede permitir que proceda una demanda insuficiente en derecho bajo el pretexto de que se podrán probar las alegaciones conclusorias con el descubrimiento de prueba. *Costas Elena v. Magic Sport Culinary Corp.*, *supra* a la pág. 535.

## C.

El fideicomiso se introdujo en nuestro ordenamiento jurídico con características particulares. *Allio v. Santiago Chardón*, 2026 TSPR 13, 217 DPR ___ (2026), pág. 14. En el referido negocio jurídico se incorporan los principios del *trust* anglosajón en armonía con nuestra tradición civilista. *Id.; TOLIC v. Febles Gordián*, 170 DPR 804, 811 (2007); *Dávila v. Agrait*, 116 DPR 549, 554 (1985). Así, es una "figura híbrida," por lo que es difícil precisar y armonizar sus contornos civilistas y anglosajones. C.T. Lugo Irizarry, El fideicomiso en Puerto Rico: un híbrido jurídico ante el futuro, First Book Publishing of PR, 1996, pág. 15.

El Código Civil de 1930, establece que el fideicomiso es "un mandato irrevocable a virtud del cual se transmiten determinados bienes a una persona, llamada fiduciario, para que disponga de ellos conforme le ordene la que los trasmite, llamada fideicomitente, a beneficio de este mismo o de un tercero llamado fideicomisario."[15] Tal mandato puede establecerse para

---

[15] 31 LPRA ant. sec. 2541.

cualquier fin que no contravenga la ley o la moral pública. *Tolic v. Rodríguez Febles*, 170 DPR 804, 811 (2007). El fideicomiso, puede constituirse sobre toda clase de bienes muebles e inmuebles, corporales e incorporales, presentes y futuros. *Id.* El mismo, además, puede constituirse por testamento, para que su efecto sea *mortis causa*, o por acto *inter vivos*.[16]

En cuanto a las clases de fideicomiso, el Artículo 839 del Código Civil de 1930, dispone que "puede ser particular o universal, puro o condicional, a día cierto, por tiempo determinado o durante la vida del fideicomitente, del fiduciario, o del fideicomisario, salvo únicamente la prohibición dispuesta en [el Artículo 848] de este Código. Los fideicomisos para fines no pecuniarios podrán constituirse por tiempo indeterminado."[17] Cónsono con esto, el Artículo 848 del referido código, dispone que "[e]l fideicomiso que señala usufructo, renta o pensión a favor de persona jurídica no durará más de treinta años y se extinguirá al cabo de este término. Esta limitación no se aplicará a los fideicomisos con fines no pecuniarios."[18]

Por otro lado, aquellos fideicomisos que establecen un orden de sucesión de mayor duración que la vida de dos personas ya nacidas, tales como que los que generalmente se conocen bajo la denominación de familiares, perpetuos, graduales y sucesivos, quedan prohibidos. No obstante, nada en lo antes dicho se entenderá que prohíba el fideicomiso por tiempo indeterminado para fines no pecuniarios. [19]

De umbral al asunto ante nos, de conformidad con el Artículo 865 del Código Civil, es sabido que los fiduciarios ostentan todos los derechos y acciones correspondientes al pleno dominio del fideicomiso.[20] Cónsono con ello, nuestro Máximo Foro judicial ha indicado que "[e]l fiduciario es el dueño del título legal, mientras que la propiedad en equidad descansa en

---

[16] 31 LPRA ant. sec. 2542.
[17] 31 LPRA ant. sec. 2546.
[18] 31 LPRA ant. sec. 2555.
[19] 31 LPRA ant. sec. 2553.
[20] 31 LPRA ant. sec. 2572.

los beneficiarios. Esta división entre el título legal y la propiedad en equidad, ajena al Derecho civil, es la médula del concepto de trust." *Dávila v. Agrait, supra*, a la pág. 560. Véase, además, *Álvarez v. Sec. de Hacienda*, 80 DPR 16, 20 (1957).

De conformidad con dicho principio, es norma conocida en el *trust* anglosajón, del cual, según expusimos, se nutre nuestra figura del fideicomiso bajo el Código Civil, que cuando se trata de acciones legales en contra de los fiduciarios para cuestionar la legitimidad del fideicomiso, los beneficiarios o fideicomisarios no son partes indispensables por entenderse que los primeros representan los intereses de estos últimos, siempre y cuando ostenten las facultades de representación. *Vetterlein v. Barnes*, 124 US 169, 172 (1888). Por el contrario, si se trata de una acción legal en contra de los fiduciarios para hacer cumplir la validez del fideicomiso, los beneficiarios son considerados como partes indispensables toda vez que sus intereses están directamente opuestos a los de los fiduciarios. *Íd.*; *Monsarrat v. Monsarrat*, 9 F.Supp. 374, 376-377 (D.Mass. 1934) ("[W]here . . . the trustee, by virtue of the terms of the trust or the nature of the suit, fully represents such beneficiaries, they are not indispensable parties within the meaning of the general rule.").

En adición, toda vez que la figura del fideicomiso bajo el Código Civil se asemeja a una forma de contrato, es preciso recordar que, en el ámbito contractual, es doctrina reiterada que los contratos deben ser interpretados de tal modo que prevalezca la intención de las partes contratantes. En ese sentido, el Código Civil dispone que "[s]i los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes, se estará al sentido literal de sus cláusulas. Si las palabras parecieren contrarias a la intención evidente de los contratantes, prevalecerá ésta sobre aquellas." 31 LPRA ant. sec. 3471.

Por último, cabe destacar que, tras varias décadas, se aprobó la Ley de Fideicomisos, para derogar las disposiciones del Código Civil y consagrar la figura del fideicomiso puertorriqueño bajo una sola pieza legislativa, con el propósito de "atempe[rar] la normativa sobre fideicomisos a las necesidades actuales de la población y de la economía puertorriqueña." *Allio v. Santiago Chardón*, *supra*, pág. 14 (cita depurada). Asimismo, el referido estatuto propuso que no es necesario adaptar el *trust* anglosajón a las legislaciones civilistas e introdujo varios cambios significativos, como una nueva definición del fideicomiso y la creación de un Registro de Fideicomisos. *Íd.*

Es preciso señalar que, la referida pieza legislativa guarda silencio en cuanto a su aplicación retroactiva. A esos efectos, nuestro ordenamiento jurídico reconoce el principio cardenal sobre la irretroactividad de las leyes. Esta máxima se encuentra consagrada en el Artículo 3 del Código Civil, el cual establece, en lo pertinente, que "[l]as leyes no tendrán efecto retroactivo, **si no dispusieren expresamente lo contrario**." 31 LPRA ant. sec. 3; *Rivera Padilla et al. v. OAT*, 189 DPR 315, 340 (2013).

*D.*

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, establece que "[l]as personas que tengan un interés común sin cuya presente ni pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponde." La citada regla encarna el principio fundamental de incluir a todas las partes con interés para que, así, el decreto judicial que se emita sea completo. *DACO v. LUMA Energy, LLC.*, 2025 TSPR 126, 216 DPR \_\_\_\_, al citar a *Oriental Bank v. Pagán Acosta y otros*, 2024 TSPR 133, 215 DPR \_\_\_ y otros.

Precisa señalar que, el interés común al que hace referencia la citada regla no es cualquier interés en el pleito, sino que tiene que ser real e inmediato. No basta con que sea un interés especulativo ni futuro. *Id.* Trata

pues de un interés tan fundamental, que constituye una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso, e incluso, los foros apelativos podemos y debemos levantarla motu proprio. *Id.* Por consiguiente, toda sentencia dictada en ausencia de una parte indispensable es nula, pues priva al tribunal de jurisdicción sobre la persona sobre la cual se pretende hacer valer un dictamen. *Id.*[21]

La determinación final de si una parte es indispensable dependerá de los hechos específicos de cada caso, incluyendo: el tiempo, el lugar, las alegaciones, la prueba y las clases de derechos e intereses en conflicto. *Colón Negrón et al. v. Mun. Bayamón*, 192 DPR 499, 511-512 (2015); Cuevas Segarra, *op. cit.*, pág. 695. En resumen, "[l]o fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente." *López García v. López García*, 200 DPR 50 (2018).

### E.

La doctrina de la cosa juzgada aplica cuando existe una primera sentencia válida; que adjudicó la controversia en sus méritos; que advino final y firme; con la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron; y que el remedio solicitado sea análogo al previamente reclamado. *Figueroa Santiago et al. v. ELA*, 207 DPR 923, 933 (2021). La referida doctrina responde tanto al interés del Estado a que se les ponga fin a los litigios para que así no se eternicen las cuestiones judiciales, como a la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa.

---

[21] Sin embargo, el Tribunal Supremo ha resuelto que la ausencia de parte indispensable "aunque es motivo para desestimar el pleito, no constituye impedimento para que, a solicitud de la parte interesada, el tribunal pueda conceder la oportunidad de traer al pleito a la parte originalmente omitida, siempre y cuando el tribunal pueda adquirir jurisdicción sobre la misma." *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 434 (2003). Sobre esto, cabe destacar que la Regla 18 de Procedimiento Civil, *supra*, dispone, en lo pertinente, que "[c]ualquier parte podrá ser incluida o eliminada por orden del tribunal, a iniciativa de este o a moción de parte en cualquier estado del procedimiento bajo las condiciones que sean justas." *Aponte Caratini v. Román Torres*, 145 DPR 466 (1998).

*Ortiz Matías et al. v. Mora Development*, 187 DPR 649, 654-655 (2013). También tiene el efecto de evitar que, en un pleito posterior, se litiguen nuevamente, entre las mismas partes y sobre las mismas cosas y causas de acción, las controversias que ya fueron o pudieron haber sido litigadas y adjudicadas en un pleito anterior. *Presidential v. Transcaribe*, 186 DPR 263, 273 (2012).

En cuanto al requisito de identidad entre las cosas, basta con que se refiera al mismo asunto, independientemente de que uno se aborde totalmente y el otro solo parcialmente. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996). De otra parte, la identidad entre las causas se logra establecer cuando se deduce que, tanto en el pleito anterior como en el que se invoca la excepción de cosa juzgada, las acciones ejercitadas implican un mismo motivo o razón de pedir: si los hechos y fundamentos de las peticiones son los mismos en lo que afecta la cuestión planteada. *Beníquez et al. v. Vargas et al.*, 184 DPR 210, 223 (2012).

De otra parte, el impedimento colateral por sentencia, por constituir una modalidad de la cosa juzgada, protege a los litigantes de tener que defenderse o de probar su reclamación en repetidas ocasiones sobre una misma controversia. *Presidential v. Transcaribe*, supra. Lo antes, con el objetivo de promover la economía procesal y judicial, evitar litigios innecesarios y dictámenes inconsistentes. *Íd.* Sin embargo, distinto a la cosa juzgada, la aplicación del impedimento colateral por sentencia no requiere la identidad de las causas. *Íd.* Entiéndase que, la referida defensa puede invocarse, aunque la razón de pedir en la demanda actual no sea la misma que en la reclamación anterior. *Íd.*

Sobre cuándo aplica el impedimento colateral por sentencia, nuestro Más Alto Foro dictaminó que, "surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final y tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción

distintas." *Íd.*, pág. 277. Esta doctrina puede exponerse de forma defensiva u ofensiva.

En la modalidad defensiva, quien presenta la defensa es la parte demandada para impedir que la parte demandante litigue nuevamente un asunto previamente presentado y **que perdió en un pleito anterior en contra de otra parte**. *PR Wire Prod. v. C. Crespo & Assoc.*, 175 DPR 139, 153 (2008). En cuanto a la segunda modalidad, quien presenta la defensa es la parte demandante para impedir que la parte demandada litigue un asunto presentado y **sobre el cual no prevaleció en un pleito anterior en contra de otra parte**. *Íd.* En ambos escenarios, la parte afectada por la interposición del impedimento colateral ha litigado y **ha perdido el asunto** en el pleito anterior. *Íd.*

Ahora bien, es importante apuntalar que, la doctrina de cosa juzgada es una de las defensas afirmativas que enumera la Regla 6.3 de las Reglas de Procedimiento Civil, *supra*, y a esos efectos, dispone que, debe formularse de manera clara, expresa y específica al responder una alegación o, de lo contrario, se tiene por renunciada. *Presidential v. Transcaribe, supra*, pág. 281 al mencionar a *Olmeda Nazario v. Sueiro Jiménez*, 123 DPR 294 (1989). Por lo tanto, de no levantar la defensa afirmativa de manera oportuna, la parte no puede plantearla en ninguna otra etapa posterior del proceso judicial. *Íd.*, págs. 285-286. Además, los tribunales no pueden levantar defensas afirmativas *motu proprio* cuando las partes son quienes las han renunciado. *Íd.*, pág. 284.

*F.*

Sabido es que el concepto de justiciabilidad requiere la existencia de un caso o controversia real para que los tribunales puedan ejercer válidamente el poder judicial. *Rivera Segarra v. Rivera Lassen*, 214 DPR 111, 132 (2024) al citar a *Hernández, Santa v. Srio. de Hacienda,* 208 DOR 727, 738 (2022) y otros. En ese sentido, sabemos que no hay una controversia real

cuando se procura resolver una cuestión política; una de las partes carece de legitimación activa; hechos posteriores al comienzo del pleito han tornado la controversia en académica; las partes están tratando de obtener una opinión consultiva, o se intenta promover un pleito que no está maduro. *Íd.* al citar a *Ramos, Méndez v. García García*, 203 DPR 379 (2019).

Como elemento necesario para la adjudicación debida de los méritos de una controversia, el principio de justiciabilidad le impone a los tribunales el deber de evaluar la legitimación activa de los promoventes de una acción. *Hernández Montanez v. Pares Alicea,* 208 DPR 727, 739 (2022). Este elemento de justiciabilidad difiere de los otros porque gira primordialmente en torno a la parte que prosigue la acción y solo secundariamente en cuanto a las cuestiones a adjudicarse. *Id.,* al citar a *Col. Ópticos de P.R. v. Vani Visual Center*, 124 DPR 559, 564 (1989).  Así pues, quien solicite un remedio judicial debe demostrar que: (1) sufrió un daño claro y palpable; (2) el daño es real, inmediato y preciso, no abstracto o hipotético; (3) existe una relación causal razonable entre el daño y la acción ejercida, y (4) la causa de acción surge al palio de la Constitución o de una ley. *Hernández, Santa v. Srio. de Hacienda*, 208 DPR 727, 739 (2022).

-III-

Conforme la Regla 52.1 de Procedimiento Civil, *supra,* el recurso discrecional del *certiorari* será expedido por este Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. Al ser así, y recurriéndose de la denegatoria de una solicitud de desestimación, estamos claramente ante una de las instancias mediante las cual se nos autoriza a expedir el auto de certiorari. Así pues, y por tal razón, la parte peticionaria expone que debemos intervenir con la decisión recurrida.

En particular, al discutir su primer señalamiento de error, la parte peticionaria expone que el foro de instancia incidió al no desestimar las

mismas por falta de parte indispensable, aplicándole erróneamente a la situación factual del caso disposiciones relativas a la Ley General de Corporaciones. Según plantea ante nos, las dos primeras causas de acción de la parte recurrida no buscan vindicar violaciones a deberes de fiducia, sino que lo que persiguen es decretar la nulidad de un contrato sin que estén presentes todas las partes. Por esta razón, y ante la probabilidad de un conflicto directo entre los intereses de los fiduciarios demandados y los beneficiarios ausentes, exponen que el foro primario no puede decretar la nulidad de la Escritura Núm. 55 en ausencia de los beneficiarios cuyas propiedades e intereses quedarían afectados por dicha decisión.

Seguido, en cuanto al segundo error señalado, la parte peticionaria argumenta que, aun interpretándose las alegaciones de la demanda de la manera más favorable a la parte recurrida, procedía desestimar las primeras dos causas de acción incluidas en la *Tercera Demanda Enmendada*. Esto, pues del texto del Artículo 846 del Código Civil de 1930 surge claramente que este trata y se refiere a situaciones testamentarias o de orden sucesoral que nada tienen que ver con disposiciones contractuales que permitan enmiendas a un fideicomiso existente. Afirma que, por tanto, el Art. 846 del Código Civil de 1930 no está en conflicto de manera alguna con la Escritura Núm. 55-1993.

De otra parte, en la discusión de su tercer error señalado, la parte peticionaria señala que la decisión alcanzada por el TPI en cuanto a que los fideicomisos constituidos antes de la aprobación de la Ley Núm. 219-2012 no se rigen por sus disposiciones, pero sí sus enmiendas es una paradójica que debemos rechazar. Destaca con tal propósito la irretroactividad del mencionado estatuto. Igualmente, discute que una enmienda al Fideicomiso no implica la creación de un fideicomiso nuevo que se rija por la Ley Núm. 219-2012 y a tales fines, cita varias decisiones emitidas por otros paneles de este Tribunal de Apelaciones.

Por último, y en cuanto al cuarto error, la parte peticionaria señala que la sentencia dictada en su día en el caso número SJ2022CVC07537 sí constituye cosa juzgada, pues allí el TPI determinó que no estaba en controversia que el demandante sí heredo los derechos y las obligaciones de su fenecido padre con respecto al Contrato de Fideicomiso, permitiéndole al concluir que sí era accionista que tenía derecho a inspeccionar los libros de contabilidad. Por consiguiente, y debido a que se cumplen con todos los requisitos de la doctrina de cosa juzgada, nos pide que la apliquemos.

Evaluados tales argumentos bajo los criterios que la Regla 40 de nuestro Reglamento establece para el análisis del auto de *certiorari*, tal cual adelantamos, resolvemos modificar el dictamen recurrido a los fines únicos de decretar la desestimación de la tercera causa de acción de la *Tercera Demanda Enmendada.* Ello así, pues la controversia allí postulada no es una justiciable por tratarse de una situación incierta e hipotética. Veamos.

La tercera causa de acción incluida en la *Tercera Demanda Enmendada* trata sobre la prohibición de extender la vigencia del Fideicomiso luego de su expiración en el 2027. En relación a la misma, la parte recurrida allí enunció que, aun si aceptaba- cosa que no hace- que la extensión del Fideicomiso dispuesta en la Escritura 55 del 12 de marzo de 1993 fuese válida y que el párrafo número 26 de la Escritura Núm. 61 del 22 de mayo de 1951 pudiera prorrogar la vida del Fideicomiso mediante votación de dos terceras partes (2/3) de las participaciones de los Fideicomitentes, cualquier pacto para extender su vida sería contrario a derecho, congelándose su *corpus* a perpetuidad.

También añadió que lo anterior implicaría que el Fideicomiso esté gobernado por la Ley 219-2012; pues los fideicomitentes no pueden pactar que una extensión del Fideicomiso que se haga luego de la aprobación de

la Ley 219-2022 se rija por una legislación que ya no está en vigor (Código Civil de 1930); que la única novación que el Código Civil vigente reconoce es la novación extintiva, no la modificativa; y cualquier acuerdo para un nuevo fideicomiso subsiguiente, si fuese permisible, únicamente sería vinculante entre las partes que lo suscriban y dicho acuerdo se gobernaría por la Ley de Fideicomisos.

Como vemos al repasar estas alegaciones, la tercera causa de acción incluida por la parte recurrida busca que se prohíba que en **el 17 de mayo de 2027** se extienda la vida del Fideicomiso. Tratándose de un evento futuro que no ha ocurrido, ciertamente la controversia descansa en un escenario hipotético. Por lo tanto, la cuestión no es un asunto justiciable que deba ser atendido por los tribunales. En ese sentido, procede modificar la resolución recurrida para decretar la desestimación de la tercera causa de acción incluida en la *Tercera Demanda Enmendada* por no ser un asunto justiciable.

Dicho esto, procede confirmar el dictamen en cuanto al resto de los señalamientos de error. Veamos.

Primeramente, es harto conocido en materia sobre el *trust* anglosajón, del cual se nutre nuestra figura del fideicomiso bajo el Código Civil, que, en acciones legales en contra de los fiduciarios para cuestionar la legitimidad del fideicomiso, los beneficiarios o fideicomisarios no son partes indispensables por entenderse que los primeros representan los intereses de estos últimos, siempre y cuando ostenten las facultades de representación.[22] En ese sentido entonces, el primer error no fue cometido.

Tampoco se cometió el segundo error imputado. Al negarse a desestimar las primeras dos (2) causas de acción, el foro primario entendió que en la etapa actual de los procedimientos no procedía hacerlo. Ello pues, si en su día se determinara que la cláusula 26 del Fideicomiso no se extiende

---

[22] *Vetterlein v. Barnes*, 124 US 169, 172 (1888).

a los méritos de prolongar su duración, ello podría conllevar la concesión de un remedio en ley a favor de la parte demandante. Ninguno de los argumentos levantados por la parte peticionaria nos lleva a entender que la decisión del tribunal fue contraria a derecho o que la misma responda a prejuicio o abuso de discreción alguno. Más aun, toda vez que se encuentra *sub judice* una solicitud de sentencia sumaria sobre las causas de acción objeto del presente recurso, colegimos, igualmente, que no nos encontramos en la etapa más propicia para intervenir en el asunto.

Similar conclusión alcanzamos en cuanto al cuarto y último señalamiento de error levantado por la parte peticionaria. Al igual que hizo el foro primario, hemos examinado la *Sentencia* dictada en el caso SJ2022CV07537 del 12 de octubre de 2022. Tras así hacerlo, no estimamos que el dictamen tenga las implicaciones pretendidas por la parte peticionaria de modo tal que aplique la doctrina de cosa juzgada. Al ser así, tampoco se cometió el cuarto error.

-IV-

Por los fundamentos antes consignados, expedimos el auto de *certiorari* y modificamos la *Resolución* emitida y notificada en el caso con fecha del 7 de enero de 2026. Señalado lo anterior, se revoca a los únicos fines de desestimar la tercera causa de acción, sobre la prohibición de extender la vigencia del Fideicomiso luego de su expiración en el 2027 incluida en la *Tercera Demanda Enmendada*, por ser prematura. Así modificada, se confirma en todo los demás.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones